Okay, we're ready to go to 24.80.28 SeedX v. Lincoln Strategy, and there's also 24.80.36. May it please the court, my name is Lanny Hickory, and I'm here representing SeedX, along with my co-counsel, Erica Wasser. And what I would like to do, and I hope I can do, is to reserve about three minutes for rebuttal, just in case I need it. I'll try to watch the clock for that. One of the driving considerations underlying doctrines, such as the finality of judgments, collateral order doctrine, and pragmatic finality, are that we don't want appellate courts having to deal with piecemeal appeals. We have come to the conclusion as a policy matter, I think, that it's not cost effective, it's not effective for judicial administration, and it's not the way that we want appeals to be handled in a piecemeal manner. The problem with this case is that the district court's order is already assured that this case will be held in a piecemeal manner in several different courts right now. And the, of course... Why would that be? Didn't he just transfer the three defendants to Arizona? He did. And then he dismissed Kanye 2020. Well, he dismissed Kanye 2020 without prejudice.  And then he transferred it, transferred the Sproul defendants over to Arizona. Right, right. The transfer order, I believe, is just blatantly invalid because there's zero evidence that there was any consideration of whether the case could have originally have been brought in Arizona. And, in fact, it seems particularly clear that it could not have been. There's no jurisdiction. Well, are we able to review that transfer order? I believe we do. Isn't that the problem? We don't review transfer orders. Right. And typically, of course, this court does not review transfer orders. And the reason is that in the general, the way that this generally comes about is the case is transferred, and then there can be a motion to retransfer it. And then, of course, it goes to the circuit court and the transferor court. The problem here is that the case was impermissibly split up. Well, okay. Don't we have case law that says we don't interpret cases being severed unless it specifically says that in the district court order? Absolutely. It doesn't say that here. It does not say? Nothing in the district court order that says I'm severing this case. There is no severance in this case, and there's no appellate jurisdiction based on severance. The appellate jurisdiction in this case, and let me get to your point. Should we send it back to the district court for clarification, since the district court seemed, at least to me, it seemed a little confused about what it had done, because first it says it's transferring the three defendants, and it's not transferring Kanye West, or Kanye 2020, and then you asked for, somebody asked for re-hearing, I guess it's Kanye 2020 on the motion to, a motion to make the dismissal with prejudice, and the district court says, well, I can't, I don't have jurisdiction over that because I transferred everything, right? Right. Isn't that inconsistent? The district court said I don't have subject matter jurisdiction because I transferred it. But it already, but he already had held that he didn't, in the order he said I'm not transferring Kanye 2020. Nope. Right? I don't recall the order being that particularly clear. Okay. One of the issues that we're having is it's very clear that the Spruill defendants were transferred, and it's very clear, I think, that there's no jurisdiction over Kanye 2020 in Arizona, so I think that that makes it very clear that the transfer order was invalid in the first instance. So you're assuming that the district court intended to transfer Kanye 2020? I honestly don't know. I don't, it doesn't seem that the court did intend to transfer Kanye 2020, but when we went back and when Ms. Oberlin went back for Kanye 2020 and tried to get a motion for reconsideration, to which I would have responded if there had been subject matter jurisdiction, well, the court said I lost subject matter jurisdiction five days after my order because I transferred everything to Arizona. And so now, back to the original point that I was making, this is the piecemeal status of the case right now. Kanye 2020 and CDEX are presumably somewhere in Wyoming, but the case has been dismissed without prejudice. That means, of course, that I can refile it. So as counsel for CDEX, if this court doesn't review this case at this point, what do I do? I have to go refile the case. I have to refile it in Wyoming because that's where I have jurisdiction over Kanye 2020 because this case seeks the same money. It's just compensation for services. And we pled it alternatively, as we're allowed to under the rules, and we said, okay, we're going to collect our money from whomever owes it. Now, in order to assert that claim again in Wyoming, I have to include the Spruill defendants in a new petition, presumably in Wyoming. Why? Explain that. Why would you have to include the Spruill defendants? Because you don't know whether who's going to end up in the end being liable, whether it's Spruill or Kanye 2020? Because someone owes my client money, and my client was paid $0. We know that Fortified was paid almost $5 million. We alleged the case alternatively because we didn't know if part of that $5 million was for services that CDEX has rendered. And so we pled it alternatively, exactly as we could. Can you go back? I did find what I was referring to in the resolution of the motion to dismiss. At the end is where the district court has a separate section about transferring the claims. He goes all through the various factors, talks about the Lincoln defendants, and then he includes this paragraph at the very end. All told, we find transferring claims against the Lincoln defendants to the District of Arizona under 1631 would be in the interest of justice. However, the claims against Kanye 2020 shall not be transferred due to CDEX's failure to state a claim upon which relief can be granted. So I'm not sure why you would proceed as though the district court did transfer all the claims. And I understand that may have been, you're saying that it couldn't separate them, but it seems clear to me the district court thought it was only transferring the claims against the three defendants. And then later it seems a bit confused and says, I lost jurisdiction because I've transferred all the claims. I agree with you completely. I'm just wondering how we clarify that, because that seems to be the root of a lot of this problem. I think that the easy way to clarify it is you look at the transfer order, you look at 1621, which says you can only transfer it to somewhere where it could have been filed. But we don't have jurisdiction over to review the transfer order. Right. You've got to bring that over in the Ninth Circuit or in the Arizona court. The Ninth Circuit has explicitly held that it has no jurisdiction to review the transfer order. Unless there's first a request to retransfer to the Tenth Circuit. Excuse me, I'm sorry. There has to be a request to retransfer to the originating circuit. And then when that's denied, then the Ninth Circuit can review it. And that's typical. Well, if you could do that, but here's what. Well, you can do that. It happens. Here's what the court said in Chrysler Credit. Of course, the mere transfer of the record cannot ratify an otherwise invalid transfer. Hence, when a district court transfers a case without proper authority or the transferee court lacks jurisdiction over the case, a valid transfer has not been effectuated and appellate jurisdiction remains in the transferor court. You've got to make a motion. You've already been transferred over there. You've got to make a motion to come back. And then if it's denied, if it's granted, you come back. If it's denied, you have to appeal and make the arguments that you're making. The district court dismissed the claims against Kanye 2020 under 12b-6 because none of them stated a claim. And the rationale seems pretty clear that they did not state a claim. I mean, they were dismissed without prejudice, so you're free to replead them if you can come up with allegations that would actually support those claims, aren't you? And you can sue wherever you can find him. That's exactly why we asked to amend the claim in response to that motion. We said, if there's any question about that, don't dismiss it. Let us amend the claim. Well, he dismissed it without prejudice. He did dismiss it without prejudice, but the law is also very clear in this circuit that if fact issues are raised by motions to dismiss, who owes, was the $5 million or less than $5 million that was paid to Fortified? Did that include something for CTEX to serve? Well, the motion to dismiss isn't about fact issues. The motion to dismiss is whether you have pled facts which, if you assume they're true, could support the elements of your claim. And your complaint didn't do that for any of the claims. These people all worked on the same campaign. Well, it doesn't matter. You have to have either, you know, you have to show, if it's a breach of contract claim, you've got to show a contract, right? If it's a quantum merit claim, you've got to show the elements of that. You've got to go through each claim element by element and compare your complaint and decide whether that complaint, even taking the allegations as true, supported the claim. And the district court went through each of them and said the answer was no, and dismissed without prejudice so that you could, if you can, fix your allegations. The district court, but again, it's unclear where I can do that. I think I have to file a brand new suit because the district court said it has no jurisdiction. Now, if this court sends it back and asks for clarification, of course, I'll try to admit it in this court so that we're not, and then you were asking how to get to this number of courts. We've got this court, we've got Arizona, we've got the Ninth Circuit, we've got this court, and if I have to refile. Well, you don't have anything other than the District of Arizona. Right now, you don't have anything other than the District of Arizona. I do. The Sproul defendants are in the District of Arizona. Right. That's what I'm saying. So right now, we're in two different district courts with two different circuit courts. I believe that this court can, I mean, the plausibility, honestly, I didn't think it was very close. I mean, if you're in a commercial transaction and you're rendering services and you don't get paid for them, you've got to expect that you get paid for your services. Well, you can't expect to be paid by a third party who didn't know they owed you the money. The services that you're rendering are directly to the campaign.  I mean, you know, there are elements for your cause of action and they were not adequately pled. The court dismissed it because they weren't adequately pled. And so now the question is, since it was without prejudice, where can you refile? Well, may I modify that a little bit? Sure. So we're not going to be able to review the transfer to Arizona. I think that's pretty clear. On the claims against Kanye 2020, there's some confusion from the district court's order. Right. Which we probably ought to get clarified. For some reason, he refused to consider the motion to reconsider whether the dismissal should be with prejudice. Right. He refused to consider that saying, I transferred the case. And he had, maybe he meant to. Maybe that's what he will do. I doubt it. So don't we need to go back to the district judge and say, clarify this. If you're not transferring the Kanye 2020 claim, then you need to, you can hear the request to make it a dismissal with prejudice. And then we'll go from there. And presumably my request to amend at the same time, because clearly we made that request before. Right. And what we now know. He wouldn't dismiss with prejudice. He meant to allow you, if he still wants you to have a chance to amend. So he'll just say, that was an oversight. I wanted to have a chance to amend. Let's proceed from there. Or he may say, I don't think you have, there's a prayer that you're going to be able to stay to claim against Kanye 2020. So I want to dismiss with prejudice. Isn't that the way to handle this? Well, I think so. But this quotation that I read you from Price for Credit indicates that if the transfer is void, if it's an invalid transfer, then the jurisdiction remains with this court. And it clearly is invalid because there's no jurisdiction. As the case was originally filed, it could not have been brought in Arizona against Kanye 2020. There's no jurisdiction. If the judge decides that I meant what I said and I transferred it. Well, I meant what I said at one point, but not what I said earlier. And I did mean to transfer Kanye 2020. I'm not sure you can appeal that. But to this court, it may be mandamus. But in any event, I suspect what will happen is he'll not transfer Kanye 2020 and then decide whether to allow you to amend or not. And presumably, is there anything wrong with that? Excuse me. Presumably decide whether to sever or not as well, because right now there's no severance. Right. And so that summary disposition to send it back to ask for clarification may be the way that it has to go. There's no need to sever since the district court clearly ruled on the motion to dismiss and dismissed Kanye 2020 before it ever transferred. At least on the docket, it was four days before it transferred the other three defendants. So there's nothing left at that point, I think, is what the district court was thinking. There's nothing to sever. It may be, but that's not what the Schrader case says and that's not what 1631 says. Well, the Schrader case does not have these facts at all. The Schrader case is a lot of different defendants who are in different, have different, you know, in different states. We have three defendants who can be in Arizona, another defendant who can't be but has been dismissed from the case. And there are other cases that have a similar set of facts that you don't. Excuse me for interrupting. That's all right. And it's certainly not how I read 1631. 1631 says at the time it was filed, at the time it was filed, Kanye 2020 was a defendant. So transfer to Arizona was not possible under 1631. Well, because they can't all be sued in the same state, that would mean that no court could hear it. The only court that can hear it is Wyoming. Well, except for that there was no jurisdiction over these parties that got transferred to Arizona. That's why they were transferred. So you have a choice between suing one in Wyoming and the rest in Arizona or just saying there's no court that can hear it. Or I guess the motion to retransfer, of course, at that point in time, the three people that are in the motion to retransfer are Arizona plaintiffs with general jurisdiction. And that's a very different, am I over? I'm sorry. Let me finish this thought then. That's a very, very different situation than what should have been done at the beginning, which is to ask the question, is there a jurisdiction over this case in Arizona? Thank you, counsel. I'm not sure you have a lot you need to say, but you've got some time. Thank you, Your Honor. My name is John Knepper, and I represent the Lincoln defendants. And I'm going to split time with the attorney for Kanye 2020. I did want to talk about the writ of mandamus to review the transfer to Arizona. There's no writ of mandamus. There's no petition for writ of mandamus. Well, this court has ruled that the court can sua sponte change a 1291 appeal into a writ of mandamus and grant relief. We're still subject to the requirements of a writ of mandamus and that the need for relief has to be clear. And I think there's the most, the clearest basis for a writ of mandamus is there was no notice or an opportunity to be heard of the transfer. The district court transferred it. There was never any briefing. There was never any requests. The first time any of the parties learned of the transfer was in the district court's order. And this court, in a case from the 80s, Henry Dalton, has said that transfer without notice and an opportunity to be heard doesn't mean you have to hold a hearing, but you have to have notice and opportunity. For a writ of mandamus, don't you have to have no other adequate means of appeal? Well, I mean, in this case. You could bring this in the Arizona court, right? You have an opportunity to raise this, to make a motion, transfer it back, and if it's denied, to appeal to the Ninth Circuit. But, Your Honor, for the Sproul defendants, there's no transfer back to Wyoming because there's no personal jurisdiction over that. So, the point is that the plaintiffs brought the claim. The plaintiff brought their action, their civil action under 1631 in Wyoming, and then the district court transferred it without giving anyone notice that it was going to be transferred. And that is, from Wright and Miller and others, that's black-letter law. You have to give the parties at least an awareness that transfer is a possibility. And would we just be, if we decided that that was improperly mandated, would we just be spinning our wheels? What did you want them to do? Just dismiss and not transfer? Your Honor, in any one of these cases, there are a lot of underwater considerations that go on that, you know, I can't speak for the plaintiffs about the kinds of things. But two things I would note are I cannot imagine how difficult it will be for the plaintiffs to serve Kanye West anywhere other than in Wyoming where there's general jurisdiction over the campaign. I just, you know, he's a figure that, you know, if I were him, I would want to serve him in Wyoming where I could just go to a registered agent. And so that's the first question. The other, and I would just note, I don't know that it applies here, but Arizona law provides for attorney's fees in a contract dispute. It does not adopt the American rule. It adopts the English rule for contract disputes. So, you know, I just, those are the kinds of things that a plaintiff, when they bring a civil action. But you're arguing for the defendants, right? Well, from my defendant's perspective, the best result would be we go back to, you know, we reverse the transfer order. Everyone has an opportunity. If the court wants to sever it, we get to argue that it shouldn't be severed, that it would be an abuse of discretion. We argue that there's no jurisdiction, and we are out for now. Yeah, but it's not a big difference practically, is it? Because if there's no jurisdiction over you, the dismissal has to be without prejudice. Right. So the plaintiff could bring the claim in Arizona. But if the claim is litigated in Wyoming and either settled or there's a judgment in Wyoming, then you may never, my client may never have another interaction with this case. No, but you're arguing there's no jurisdiction over you. Am I wrong? Well, that's right. So there's no way to resolve the case against you if there's no jurisdiction over you. Well, as counsel for the plaintiff argued, you know, they're seeking one piece of money. They're saying we've provided these services. We deserve to be paid for these services. So you want to keep it in Wyoming so you can keep the big pocket in the case. I think that— Is that what we're talking about? I think that would be a spectacularly good result for my client. Yeah, well, I mean, that's not the district court's issue. The district court didn't have jurisdiction over the Lincoln defendants. Right. And what the rule tells the district court is rather than dismissing, you can transfer. And that's what the district court did. But the district court can't transfer without giving us an opportunity to argue. The district court is required to consider suspending transfer when it finds a lack of jurisdiction. I can only say that this court has ruled that making an order of transfer without giving the parties notice and an opportunity to be heard is a violation of due process. That was Inree Dalton. Well, due process isn't a right just standing out there. You've got to have something you're protecting. The court doesn't have any jurisdiction over you. Whether they give you an opportunity to be heard or not, the court can't entertain the claim against you. And so it is actually encouraged to transfer rather than dismiss. And I understand you want to keep Kanye 2020 right there next to you in the defendant's part of this trial, but I don't know that that's a legitimate reason that you can't transfer a case where you don't have jurisdiction over the defendant. Again, I mean, this court's black letter law is that, I mean, this court's ruling since Inree Dalton's in the brief is that we have to be told about it. And so that is a clear violation. I'm curious what we're going to accomplish. But we have to remand anyway. The judge can decide these things, but you're not going to be any better off. Well, that's where the text of 1631 matters. And that's where the Schrader opinion comes in because this court has said in Schrader and the district courts have been following Schrader. And what they've said is that you can't transfer under 1631 if there's not a venue where you would send the whole case, the civil action. And so our argument, if we went back down to the district court, would be that you can't transfer under 1631. So the district court doesn't transfer. So then the plaintiffs sue you in Arizona. If at the time they bring suit in Arizona, they bring suit in Arizona. And then there's a judgment against you and then you want to go against Kanye 2020. Well, or they continue in Wyoming against Kanye 2020. And then at some point, if they decide that's what they want, they come after my defendants in Arizona. You want something that probably can't be done here and just have a nice forum where everything can be resolved. And that would be very nice for everybody. I think from my client's perspective in the rules is that if there is no forum where everything can be resolved, then it should be the plaintiff's choice of forum. The plaintiff chose Wyoming and that's their decision. The plaintiff doesn't have the right to choose a forum for a claim against a defendant over whom there's no personal jurisdiction. We're just, we're not. I'm sorry. It's not your fault. Do you have anything more to say? Just just that we think that these are these are issues that should have been resolved at the at the district court level. But you're and we've got. May it please the court. Counsel. Your Honor, my name is Amy and I represent Kanye 2020. I don't candidly have a lot to say being up here. I'm not going to waste a lot of your time. Ultimately, your honors, I think you hit the nail on the head when you were discussing the district court's order with respect to the transfer issue and the confusion related to that. We went back to the district court to seek some clarification on that matter to see if we could have this case dismissed for once and for all. Since it was previously filed in Texas against Kanye 2020 and that was dismissed on a 126 motion there, we were hopeful that the district court would take that issue up at that particular time. We saw role 5090 relief. And it seemed that the court was confused when it stated that it had transferred the matter and no longer had jurisdiction over Kanye 2020. So I agree with this panel and that I'm hopeful the district court will find that there is no jurisdiction in which to transfer the Kanye claims against at least see Texas claims against Kanye 2020. If this court were to remand and ask the district court for clarification on its intent with respect to that question. However, your honors, I believe that this court could simply remand and say that it can be dismissed with prejudice. And I know you've certainly read that in our briefing. So you would suggest that we would say that the district court erred when it found it didn't have jurisdiction to consider your request to dismiss with prejudice. That was an error and that we don't need to send it back for the district court to determine that because we can decide it ourselves. Simply put, your honor, I think that this court can make the determination that the district court improperly ruled that it didn't have jurisdiction when we requested the rule 5090 relief. And likewise, that the court could and should have granted our request for dismissal with prejudice. So that's totally in the discretion of the district court where we dismiss with prejudice. It is to the extent, your honor, and I believe that let me get to that section. I believe two of you were on a particular the care case where that case where that was specifically stated in our brief. While we agree that the district court obviously as at the outset granted our dismissal 12B6 motion and rule 8 motion appropriately, it failed to it abuses discretion when it failed to grant our request with prejudice. And the reason being is because in CDEX, the dismissal for the district court to grant with prejudice was legally supported, number one. And ultimately, a district court has discretion to dismiss a complaint without prejudice when the district court concludes that the circumstances so warrant. Here, there's no circumstances that would warrant it to be anything but with prejudice. Well, you're arguing any amendment would be futile. Yes, exactly. Is that what you're arguing? Yes, your honor. Which would normally be argued to the district. Yeah. I mean, we'll review it. If the district court says it would be futile and they dismiss with prejudice, we'll review. And if we disagree and say it could have been amended, we might reverse. But it's the district court who makes the first assessment of whether, and you may be right, it may be that they can't amend to fix the glaring errors in the complaint. But it's the district court's discretion whether they want to give them a chance. I don't disagree with you, your honor. Ultimately, I suppose that we will probably see you in the event that I am transferred. Otherwise, I appreciate your time. If you're lucky, you'll have a different panel. I hope not. Thank you very much. Did you ask the district court when it issued this decision saying it had transferred everything and it didn't have jurisdiction, did anybody say, well, that's in conflict with your order transferring only these defendants? Or pointed out to the district court that that was wrong? We didn't even attempt to try to readdress that issue with the court because ultimately they issued a very timely order the following day after we submitted our proposed request. And they said that they didn't have jurisdiction, so we just presumed that they weren't going to take up any more of our time in that regard. So ultimately, I thought that we'd just end up before this court anyway. And here we are. So otherwise, we didn't seek any clarification with respect to that question. But otherwise, overall, I think Judge Johnson's order is absolutely perfect and appropriate with respect to the issues dismissing Kanye 2020. And hopefully we can argue that matter before the court at some later time. Thank you, your honors.  Thank you, counsel. Thank you, counsel. Case is submitted. Counselor excused.